UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RYAN PAUL SLADE                                                            CIVIL ACTION

VERSUS                                                                           NO. 21-1366

LAFOURCHE PARISH                                                    SECTION: "H"(1)

REPORT AND RECOMMENDATION

Plaintiff, Ryan Paul Slade, a state inmate, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983.  He sued Lafourche Parish, claiming that he is being wrongfully incarcerated for failing a urine test while out on bond.

Plaintiff filed this federal civil action *in forma pauperis*.  Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A.  That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law similarly requires:

>On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>>(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has held:

>A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing the complaint,[1] the undersigned recommends that, for the following reasons, this action be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

In his complaint, plaintiff states his claim as follows:

I was out on bond in the 17th Judicial District.  I had a court date of March 19th in Division C (Judge Marla Abel).  Judge Abel asked me to piss in a cup.  I am not on probation or parole.  I failed the piss test and the judge locked me up on March 19th without a bond.  I had no chance of bonding out till the court date of June 2nd, 2021.  The court's had no right to piss test me and put me in jail b/c my bond obligation never stated this.  My bondsman didn't revoke my bond.  I got to court on June 2nd and the Judge Marla Able revokes my bond.  There was no reason for this.  I am now set up for a $21,000 bond.  The state had no jurisdiction over my bond obligations and took it upon themselves to throw me in jail.  They told me on a paper if I bond out I would have a court date of 7/15/2021.  If I don't bond out my court date is in November.

A critical flaw regarding plaintiff's claim is immediately apparent:  the sole defendant he has sued in this lawsuit is "Lafourche Parish."  But the parish government simply played no role in the foregoing events.

Although plaintiff is incarcerated at the Lafourche Parish Correctional Complex, that jail is not operated by the parish government.  It is true that "the parish governing authority is responsible for the **expenses of feeding, clothing, and providing medical treatment** to the prisoners …." Serigny v. Lafourche Parish Government *ex rel.* Randolph, Civ. Action No. 10-3205, 2012 WL 3548029, at *3 (E.D. La. Aug. 16, 2012) (emphasis added; quotation marks omitted), aff'd, 547 F. App'x 582 (5th Cir. 2013); accord Ates v. Terrebonne Parish, Civ. Action No. 13-5732, 2013 WL 6858455, at *3 (E.D. La. Dec. 30,

---

[1] The Court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

2012). However, plaintiff's claim is in no way related to those obligations; rather, it involves the mere fact of his continued incarceration at the jail. But the parish government played no role in the fact of his incarceration, as it neither operates the jail nor is responsible for the policies under which the jail is run. On the contrary, it is the **parish sheriff** who "is responsible for the actual day-to-day operation of the jail." Ates, 2013 WL 6858455, at *3; accord Davis v. Lafourche Parish Sheriff's Office, Civ. Action No. 12-1859, 2012 WL 5866201, at *4 (E.D. La. Oct. 29, 2012), adopted, 2012 WL 5866495 (E.D. La. Nov. 19, 2012). And it is clear that "the Sheriff is an **autonomous** local government official **separate and apart** from the parish he serves." Victoria W. v. Larpenter, 205 F. Supp. 2d 580, 586 n.16 (E.D. La. 2002) (emphasis added), aff'd, 369 F.3d 475 (5th Cir. 2004).

Second, in any event, plaintiff's incarceration results from the orders issued by Judge Abel of the Louisiana Seventeenth Judicial District Court. But Judge Abel is not a Lafourche Parish official; she is a **state** official. See Keahey v. Securus Technologies and T-Netrix, Inc., Civ. Action No. 19-12899, 2020 WL 5413581, at *4 (E.D. La. Aug. 7, 2020), adopted, 2020 WL 5411735 (E.D. La. Sept. 9, 2020). As such, the parish government likewise has no control over her orders or what occurs in her court.

Lastly, the Court notes that plaintiff has not separately sued Judge Abel, and, out of an abundance of caution, the Court further notes that he could not validly do so under § 1983. The actions Judge Abel took in connection with the setting and revoking of plaintiff's bond fell "fully within the scope of [her] role as a judicial officer and therefore within her jurisdiction"; as a result, any § 1983 claim against her regarding such actions would be barred by her absolute judicial immunity. Shorter v. 24th Judicial District Court,

Jefferson Parish, Civ. Action No. 19-7331737, 2019 WL 7331737, at *3 (E.D. La. Nov. 7, 2019), adopted, 2019 WL 7291058 (E.D. La. Dec. 30, 2019); accord Barnes v. Madison, 79 F. App'x 691, 701 (5th Cir. 2003); Herring v. Mayfield, No. 94-11117, 1995 WL 153026 (5th Cir. Mar. 22, 1995).  If plaintiff is aggrieved by Judge Abel's rulings, his recourse is to seek review of her rulings in the state courts – not to file a federal civil rights lawsuit in federal court.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 7th day of September, 2021.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**